MONCURE, P.,
delivered the opinion of the court.
This is a writ of error to a judgment of the county court of Hanover,-to which a writ of error was denied by the judge of the circuit court of said county. On the 16th day of July, 1879, the grand jury of said county in said county court, upon their oaths presented an indictment against Thomas Glass, agent for John W. *Pate, for a misdemeanor, a “true bill;” in which indictment it was charged, that the said “Thomas Glass, servant, agent and employee of John W. Pate, on the 10th day of July, 1879, at the said county of Hanover, and within the jurisdiction of the said county court of Hanover county, did sell to Benjamin Bowles one drink of ardent spirits, to be drunk at the place where sold; and did then and there deliver the same to the said Benjamin Bowles; and that the said Thomas Glass, agent, servant and employee of the said John W. Pate, unlawfully did then and there wilfully fail, immediately on the sale of the said one drink of ardent spirits, in the presence of the said Benjamin Bowles, to turn the crank of the proper register until the bell thereof had struck one, and the indicator on the dial of said register had moved one point for the said one drink of ardent spirits so sold and delivered by him. the said Thomas Glass, agent, servant and employee of the said John W. Pate, as aforesaid, the said John W. Pate being then and there a bar-room keeper and a barroom liquor dealer — against the peace and dignity of the Commonwealth of Virginia.”
On the 21st day of August, 1879, the said defendant pleaded “not guilty,” to the said indictment against him, and for his trial put himself upon the country, and the attorney- *613 for the Commonwealth did the like; whereupon came a jury, which were sworn, the truth of and upon the premises to speak, and having heard the evidence and arguments of counsel, were sent out of court to consider of their verdict, and returned the following verdict, to-wit: “We, the jury, find the defendant, Thomas Glass, agent, guilty of the offence charged in the indictment against him, in manner and form as therein charged.” Thereupon the accused moved the court to set aside the said verdict, and grant him a new trial, which motion the court overruled. *And thereupon the said defendant moved the court in arrest of judgment; which motion being argued, the court took time until the next day to consider of its judgment; on which day, to-wit:
On the 22d day of August, 1879, the court having maturely considered the said motion in arrest of judgment and heard the argument of counsel on the said motion, overruled the same; whereupon jt was considered by the court that the said defendant, for his said offence, be fined fifty dollars, to the use of the Commonwealth, and that he pay the costs of the said prosecution.
To which opinion and judgments of the court, as well as other opinions rendered upon said trial, the defendant excepted, and tendered his several bills of exceptions, which were signed, sealed and enrolled and made a part of the record in the case.
The said bills of exception are three in number, and are to the following effect:
No. 3. On the trial of the case, the attorney for the Commonwealth moved the court to give the following instruction to the jury: “The jury are instructed that if they believe from the evidence, that the defendant did sell and deliver the one drink of ardent spirits, as charged in the indictment, and failed to register the same, provided for by section 5 of the law known and called the Moffett liquor law. in the presence of the purchaser, they must find the defendant guilty; although they may further believe from the evidence, that after the purchaser had left the store he did then turn the register once for the drink so sold and delivered out of his presence. The defendant, by-, on the indictment, the agent, servant or bar-keeper for John W. Pate, a license bar-room keeper and bar-room liquor dealer.” But the accused, by counsel, objected to the instruction, and the court overruled *the objection and permitted the said instruction to go to the jury, to which action of the court the accused excepted. &c.
No. 2. On the said trial, after the jury had brought in their verdict and before judgment had been entered thereon, the accused moved to set aside said verdict as contrary to the law and to the evidence. But the court overruled said motion, and the court certified that the facts proved are as follows: “That on or about the 10th day of July, 1879, Thos. Glass, agent, servant, employee of John W. Pate, and at the store known as Johnson’s store, in the lower part of Hanover county, did sell and deliver to Ben Bowles one drink of ardent spirits, and did not immediately, in the presence of the said Ben Bowles, turn the crank of the proper register until the bell (of the Moffett register) had struck once and the indicator on the dial had marked one point, as required by law. But that said Thomas Glass did, after the said Ben Bowles had left the store, turn the crank of the proper register, until the bell (of said Moffett register) had struck once and the indicator on the dial had moved one point for 'the drink so sold as aforesaid, and that there was no one present at the time. And that at the time of said sale and delivery the said Thomas Glass, agent, did sell and deliver drinks to sundry other purchasers, and did sell and deliver sundry groceries to persons then present; and that the said Glass, agent, &c., gave on oath as his excuse for not turning the crank in the presence of Ben Bowles, as aforesaid, that he forgot it in the pressure of confusion, and did turn the crank as aforesaid, as soon as he remembered his failure, and that no one was present at the time that he did turn one crank. &c., as aforesaid; and that John W. Pate had at the time a bar-room license to sell ardent spirits, &c., at said store. *No. 3. And thereupon the accused by counsel moved in arrest of judgment for errors appearing on the face of the record. But the court overruled said motion.
There are various assignments of error in this case; but one of them is conclusive of the case, and is therefore the only one which it will be necessary to notice. That one is, that the indictment contains no averment, and does not show that any offence was committed by the accused. It contains no charge that he sold by retail, ardent spirits, to be drunk at the place where sold, without having a license therefor; nor that, being a licensed retail or bar-room liquor dealer, he failed to comply with the requirements of the law in regard to a sale of ardent spirits by retail by such a dealer, to be drunk at the place where sold. These requirements are made only of licensed retail or bar-room liquor dealers, and an accused can only be subjected to them, or to the consequence of not complying with them, by charging and proving that he failed to comply with them, though he was a licensed retail or bar-room liquor dealer.
The act of assembly on which this prosecution is founded, to-wit. chapter 59, Acts of 1878-9, pages 310-317. inclusive, requires a retail or bar-room liquor dealer to obtain a license to authorize him to carry on his said business; and in section five of the said act, requires him to perform certain duties therein mentioned; and in the tenth section of the said act, it is enacted that “any licensed retail or bar-room liquor dealer, as well as his agent, servant, or bar-keeper, for every failure to perform any of the duties required of such dealer under the provisions of the fifth section of this act, shall be deemed guilty of a misdemeanor, and on conviction thereof, shall be fined not less than fifty nor more than one hundred dollars, one-third to go to the informer, for which fine such dealer and his sureties *shal1 be liable on his bond, which may be collected by *614 ¡jummary process, by motion, on ten days’ notice, in the name of the Commonwealth; and where the offence is committed by the dealer himself, or by his connivance, he shall forfeit his license, which shall not be renewed during 'the term for which it was granted. Any person prosecuted for a violation of the provisions of this act, shall be allowed to testify in his own behalf.”
No doubt the oifence intended to be charged against the accused in this case was the misdemeanor defined by the tenth section of the said act. But by the express terms of the act, such offence could only be committed by a “licensed retail or bar-room liquor dealer,” or “his agent, servant, or bar-keeper.” To bring the cases, therefore, within the said terms, it ought to have been averred in the indictment, that the accused, when he committed the act with which he is charged, was a “licensed retail or bar-room liquor dealer.” He may have committed that act without being guilty of any legal offence. To authorize a valid conviction of an offence, it must be sufficiently charged in the indictment or information. Every material ingredient _ of the offence must be so charged; otherwise, there can be no legal conviction in the case, for, admitting the charge to be literally true, it does not follow that the accused was guilty of any offence.
The principals of law on which the foregoing observations depend, are so well settled that it seems to be unnecessary to cite any authorities to sustain them.
The following references will, however, be here made, viz: 3 Wharton on Criminal Law, chapter X, “Motion in Arrest of Judgment”; Davis’ Criminal Law, 469-70; 3 Rob. Prac. (old ed.) 375-8; 3 Va. Ca. 133. Bosher’s case; 4 Leigh 692, Pea’s case; 29 Gratt. 844; Helfrick’s case.
*It follows, therefore, that the court below erred in overruling the motion of the accused in arrest of judgment, for errors appearing on the face of the record, and that, for that cause alone, without any necessity for noticing any of the other questions presented in the case, the said judgment ought to be reversed and annulled, arid the accused discharged from further prosecution in the case.
The judgment was as follows:
The court is of opinion, for reasons stated in writing and filed with the record, that the indictment in this case contains no averment and does.show that any offence was committed by the accused; and that the county court erred in overruling the motion of the accused in arrest of judgment. Therefore, without deciding any other question arising in the case, it is considered by the court that the judgment of the said county court to which the writ of error was awarded in this case is erroneous, and that it be reversed and annulled on the ground of the error aforesaid. And this court proceeding to render such judgment as the said county court ought to haye rendered, instead of that which it did render as aforesaid, it is further considered by the court, that the said judgment of the county court be arrested, .and that the accused be discharged from the further prosecution, and from custody in the said case; which is ordered to be certified to the said county court.
Judgment reversed.